UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OLIN LEVY,<br><br>Plaintiff,<br><br>v.<br><br>FIRST GROUP/GREYHOUND,<br><br>Defendant. | Case No. 17-cv-00412-KAW<br><br>**ORDER DISMISSING CASE; ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT** |

Plaintiff Marc Olin Levy, who proceeds pro se, brings the instant suit against Defendant First Group/Greyhound. (Compl., Dkt. No. 1.) Plaintiff also filed an application to proceed in forma pauperis ("IFP App"), which was granted on February 8, 2017. (Dkt. Nos. 2, 8.) Plaintiff's complaint, however, must be dismissed with leave to amend because the complaint fails to state a claim upon which relief can be granted.[1]

## I. BACKGROUND

Plaintiff alleges that on June 27, 2016, he took a Greyhound bus from San Francisco, headed to New York. (Compl. at 6.) Two days later, the bus arrived in St. Louis, Missouri. Plaintiff alleges that he had to stay at the bus depot from 9 p.m. to 12 a.m. to catch his bus to New York, but that due to "a potential national security threat or the potential of a terrorist attack[, he] was scared to stay at the depot." (*Id.*) He left the bus depot, and returned around 1 a.m., by which

---

[1] Plaintiff consented to having a magistrate judge conduct further proceedings in this case. (Docket No. 3.) The Court does not require the consent of Defendant because Defendant has not been served and therefore is not a party within the meaning of 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, No. 00-1067, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1994) (magistrate judge has jurisdiction to dismiss prisoner's civil rights action without consent of defendants because defendants had not been served yet and therefore were not parties).

point the bus had left.

Plaintiff alleges that Greyhound's policy is that when a passenger misses a bus, a passenger must pay $20 to get back on the bus. Plaintiff further alleges that Greyhound usually allows people to stay at the station if stranded to let people try to raise the $20 needed. Greyhound's security, however, forced Plaintiff to leave, resulting in Plaintiff being left homeless in St. Louis for four days.

Plaintiff eventually called his parents, who purchased him a ticket back to California. On the bus back to San Francisco, Plaintiff got off the bus at Grand Junction, Colorado. Plaintiff alleges that he was only off the bus for five minutes to use the restroom and get water, but that the bus had left by the time he went back outside.

Plaintiff was stranded in Grand Junction for two to three days. On July 4, 2016, he went to a store and asked if he could use an electrical socket to power up his phone so that he could call his parents. (*Id.* at 6-7.) The store allowed Plaintiff to use a side room. (*Id.* at 7.) While powering up his cell phone, the police arrived and arrested Plaintiff for trespassing. Plaintiff was taken to a mental health facility, where he stayed for two weeks while arranging for transportation back to California.

Plaintiff then filed the instant suit, alleging breach of contract and negligence for stranding him in St. Louis and Grand Junction. Plaintiff also challenges Greyhound's failure to include clean running water on their buses. Plaintiff seeks $10 billion in stock ownership in Defendant's company.

## II.   IN FORMA PAUPERIS APPLICATION

### A.   Legal Standard

When presented with an application to proceed in forma pauperis, the court must first determine if the applicant satisfies the economic eligibility requirements of 28 U.S.C. § 1915(a). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemous & Co., Inc.*, 335 U.S. 331, 339 (1948)).

Once the court grants an application to proceed in forma pauperis, pursuant to 28 U.S.C.

1  § 1915(e)(2), the court "shall dismiss [a] case at any time if the court determines that . . . the
2  action . . . fails to state a claim on which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6).
3  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain
4  statement of the claim showing that the pleader is entitled to relief."  But "a complaint must
5  contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its
6  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the
7  elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*,
8  556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but
9  it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a
10 complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the
11 line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S.
12 at 557) (internal citations omitted).

13 Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)
14 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "A pro se complaint, however inartfully
15 pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ."
16 *Estelle*, 429 U.S. at 106 (internal citations omitted).

17 **B.  Discussion**

18 The Court finds that dismissal of the complaint is appropriate.  As an initial matter,
19 Plaintiff has failed to separately plead each cause of action. *See* Fed. R. Civ. P. 10 ("A party
20 must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a
21 single set of circumstances. . . . If doing so would promote clarity, each claim founded on a
22 separate transaction or occurrence . . . must be stated in a separate count or defense.").  Plaintiff
23 does not separately plead any of his causes of actions.  For the sake of clarity, Plaintiff should
24 separately plead each cause of action, along with the specific facts that support each one.

25 On the merits, Plaintiff has not adequately pled a breach of contract or negligence claim.
26 First, to state a breach of contract claim under California law, a plaintiff must allege: "(1) the
27 contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and
28 (4) the resulting damages to plaintiff." *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968).

Plaintiff has not pled the existence of a contract between Plaintiff and Defendant, or the terms of the contract at issue in this suit, including what terms Defendant allegedly breached. Plaintiff does not, for example, allege the existence of a contract which required the bus to wait for Plaintiff at St. Louis or Grand Junction, or to allow Plaintiff to stay at the St. Louis bus depot. At most, Plaintiff alleges that Greyhound "typical[l]y, usually" will allow people to stay at the station if stranded, but this is not the equivalent of a binding contract that obligated Greyhound to allow Plaintiff to stay at the bus depot. (*See* Compl. at 6.) Thus, this is insufficient to plead a breach of contract claim.

Second, to prove negligence under California law a plaintiff must plead and prove: (1) defendant's legal duty of care toward plaintiff, (2) defendant's breach of that duty, (3) damage or injury to plaintiff, and (4) a causal relationship between defendant's negligence and plaintiff's damages. *Palm v. United States*, 835 F. Supp. 512, 520 (N.D. Cal. 1993). Plaintiff fails to adequately plead the existence of a legal duty. Plaintiff has not, for example, pled facts showing that Defendant had a legal duty to wait for him at Grand Junction. Plaintiff also does not plead facts showing that Defendant had a legal duty to allow Plaintiff to stay at the St. Louis bus depot.[2] Finally, Plaintiff does not plead facts showing that Defendant has a legal duty to have clean running water on their buses. Absent a legal duty of care, Defendant cannot be held liable for negligence.

Because Plaintiff has failed to allege adequate facts to support his claims, the Court dismisses Plaintiff's complaint with leave to amend. Plaintiff shall file a first amended complaint within 30 days of this order. Plaintiff is on notice that the first amended complaint will supersede the original complaint, such that it will be treated as nonexistent. *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). For this reason, Plaintiff shall properly identify the legal and factual bases for all of his claims, free of any reference to any prior complaint, and he shall clearly identify the specific claims asserted against each defendant. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

---

[2] Plaintiff alleges that Defendant violated the law by removing him from the premises in St. Louis, but does not identify what law he relies on.

1987), overruled on other grounds by *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). He must also, if possible, show a basis for this Court to have jurisdiction over the case, or his complaint will be dismissed with prejudice. Failure to file a first amended complaint within 30 days of this order may result in dismissal of this action for failure to prosecute.

To ensure that his first amended complaint complies with this order, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982. The Court has also adopted a manual for use by *pro se* litigants, which may be helpful to Plaintiff. This manual, and other free information is available online at: http://cand.uscourts.gov/proselitigants.

### III. VEXATIOUS LITIGANT

When a litigant has filed numerous harassing or frivolous lawsuits, the Court has the power to declare him a vexatious litigant and enter an order requiring that any future complaints be subject to an initial review before they are filed. District courts have the power to enter pre-trial filing orders against a vexatious litigant under the All Writs Act. 28 U.S.C. § 1651(a); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir 2007). The Ninth Circuit has cautioned that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Molski*, 500 F.3d at 1057. Nevertheless, such pre-filing orders may be appropriate because "[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

The Ninth Circuit lists the following requirements for entering pre-filing orders against vexatious litigants. First, the Court must give the litigant notice and an opportunity to be heard before the order is entered. Second, the Court must compile an adequate record for review, including a list of all filings leading to the conclusion that the individual is a vexatious litigant. Third, the Court must make a substantive finding that the litigant's filings are frivolous or harassing. Finally, the pre-filing order cannot be overly broad, but must be "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147-48.

Since 2010, Plaintiff has filed 21 lawsuits in this district, nearly all of which were dismissed at an early stage for having no merit.[3] (Attachment A; *e.g.*, *Levy v. Cumulus Media, Inc.*, Case No. 11-cv-6616-WHA, Dkt. No. 7 (dismissing case for failure to state a claim where Plaintiff sought $100 million in damages for an allegedly anti-Semitic slur that was personally offensive to him when a radio announcer referred to Tim Tebow as "T-Brew"); *Levy v. Newscorp*, Case No. 12-cv-1293-EDL, Dkt. No. 7 (dismissing case for failure to state a claim where Plaintiff sought $5 trillion for the defendant's alleged failure to report on stories that Plaintiff submitted); *Levy v. Comerica Bank*, Case No. 12-cv-1296-MEJ, Dkt. No. 6 (dismissing claim for failure to state a claim where Plaintiff sought $61 trillion because the defendant allegedly "steered" Plaintiff into a $30 to $35 thousand business loan instead of the $50,000 loan he requested); *Levy v. Primerica Inc.*, Case No. 16-cv-1254-HRL, Dkt. No. 14 (granting motion to dismiss for failure to state a claim where Plaintiff sought $2 billion for being disqualified as a job applicant due to his criminal record, and noting that this was the third employment lawsuit filed by Plaintiff in two years).) Notably, in several of these cases which were dismissed for failure to state a claim, Plaintiff asserted that he was a lawyer, although he is not listed on the California State Bar website as being licensed to practice law. (*See Levy v. AT&T Corp.*, Case No. 11-cv-6615-DMR, Dkt. No. 1 (stating that he is a "Federal Civil Rights Lawyer" but admitting that he is "not an attorney"); *Levy v. United States of America*, Case No. 12-cv-1294-EDL, Dkt. No. 1 (stating that he is a "pro se lawyer"); *Levy v. United States of America*, Case No. 12-cv-1297-DMR, Dkt. No. 1 (stating that he is a "pro se lawyer"); *Levy v. AT&T Corp.*, Case No. 17-cv-411-MEJ, Dkt. No. 1 (stating that he is a "lawyer for the People" but admitting that he is not an attorney).[4]) Pursuant to the first *De Long* requirement, Plaintiff is hereby

---

[3] The Court notes that an order to show cause as to why Plaintiff should not be deemed a vexatious litigant has also been filed in *Levy v. AT&T Corp.*, Case No. 17-cv-411-MEJ, Dkt. No. 10.

[4] Plaintiff now appears to be filing suits based on claims that were previously dismissed. In the first *Levy v. AT&T Corp.*, Plaintiff sued AT&T Corporation based on AT&T's failure to publish an ad for his "law firm," which was submitted to AT&T on October 28, 2011. (Case No. 11-cv-6615-DMR, Dkt. No. 1.) Plaintiff's complaint was dismissed because "the court cannot discern a cognizable legal claim based on Defendant's alleged mere refusal to not publish Plaintiff's advertisement in the style and with the content that he desired." (Case No. 11-cv-6615-DMR, Dkt. No. 6.) On January 26, 2017, Plaintiff filed a second lawsuit against AT&T, again based on

**ORDERED** to show cause why he should not be declared a vexatious litigant and have a pre-filing order entered against him. He must respond to this order within 30 days of the date of this order, and address each of the factors listed above.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's complaint is dismissed with leave to amend. Plaintiff has thirty days from the date of this order to: (1) file an amended complaint that corrects the deficiencies stated in this order, and (2) respond to the order to show cause by explaining why Plaintiff should not be declared a vexatious litigant and have a pre-filing order entered against him.

IT IS SO ORDERED.

Dated: March 2, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

AT&T's failure to publish an ad for his "law firm," which had been submitted on October 8, 2011. (Case No. 17-cv-411-MEJ, Dkt. No. 1.)

7