UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OLIN LEVY,<br>          Plaintiff,<br>    v.<br>FIRST GROUP/GREYHOUND,<br>          Defendant. | Case No. 17-cv-00412-KAW<br><br>**ORDER DISMISSING CASE WITH PREJUDICE; DECLARING PLAINTIFF A VEXATIOUS LITIGANT**<br>Re: Dkt. No. 9 |

## I. INTRODUCTION

On January 26, 2017, Plaintiff filed the instant suit against Defendant First Group/Greyhound, alleging breach of contract and negligence. (Compl., Docket No. 1.) Plaintiff also filed an application to proceed in forma pauperis, which the Court granted on February 8, 2017. (Dkt. Nos. 2, 8.) On March 2, 2017, the Court dismissed Plaintiff's complaint with leave to amend, finding that Plaintiff had not alleged adequate facts to support his claims. (Ord. at 3-4, Dkt. No. 9.) In that order, the Court also required Plaintiff to show cause why he should not be declared a vexatious litigant and have a pre-filing order entered against him, based on the 21 lawsuits he had filed in this district, "nearly all of which were dismissed at an early stage for having no merit." (*Id.* at 6.) The Court gave Plaintiff thirty days to file an amended complaint that corrected the deficiencies identified in the order, and to respond to the order to show cause. (*Id.* at 7.) As of the date of this order Plaintiff has not filed an amended complaint or responded to the order to show cause.

## II. DISCUSSION

### A. Dismissal Without Prejudice

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or

claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'"). Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In the instant case, Plaintiff was ordered to submit an amended complaint within 30 days of the March 2, 2017 order, or April 3, 2017.[1] The Court warned that "[f]ailure to file a first amended complaint within 30 days of this order may result in dismissal of this action for failure to prosecute." Plaintiff did not file an amended complaint. Because Plaintiff has failed to comply with the Court's order, the Court DISMISSES Plaintiff's case with prejudice, for failure to prosecute.[2]

### B. Vexatious Litigant

When a litigant has filed numerous harassing or frivolous lawsuits, the Court has the power to declare him a vexatious litigant and enter an order requiring that any future complaints be subject to an initial review before they are filed. District courts have the power to enter pre-trial filing orders against a vexatious litigant under the All Writs Act. 28 U.S.C. § 1651(a); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir 2007). The Ninth Circuit has cautioned that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Molski*, 500 F.3d at 1057. Nevertheless, such pre-filing orders may be appropriate because "[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

---

[1] Thirty days after March 2, 2017 is April 1, 2017, a Saturday. April 3, 2017 is the first following business day.

[2] Plaintiff consented to having a magistrate judge conduct further proceedings in this case. (Docket No. 3.) The Court does not require the consent of Defendant because Defendant has not been served and therefore is not a party within the meaning of 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, No. 00-1067, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1994) (magistrate judge has jurisdiction to dismiss prisoner's civil rights action without consent of defendants because defendants had not been served yet and therefore were not parties).

2

The Ninth Circuit lists the following requirements for entering pre-filing orders against vexatious litigants. First, the Court must give the litigant notice and an opportunity to be heard before the order is entered. Second, the Court must compile an adequate record for review, including a list of all filings leading to the conclusion that the individual is a vexatious litigant. Third, the Court must make a substantive finding that the litigant's filings are frivolous or harassing. Finally, the pre-filing order cannot be overly broad, but must be "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147-48.

### i. Notice and Opportunity to be Heard

The first factor requires that the litigant be given an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147. "Courts in this circuit have held that a motion to declare a litigant vexatious does not require oral argument." *Gavin v. City & Cty. of SF*, Case No. 15-cv-5202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016); *see also Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; the opportunity to brief the issue fully satisfies due process requirements") (internal quotation omitted).

The Court finds that the first *De Long* factor is satisfied because the Court issued an order to show cause, and Plaintiff had the opportunity to file a written opposition. (Ord. at 5-7.) Courts in this district have found the first *De Long* factor to be satisfied under similar circumstances. *See Gavin*, 2016 WL 126937, at *2 (finding that the first *De Long* factor was met because the district court issued an order to show cause and gave the plaintiff an opportunity to file a written opposition, even though no opposition was filed).

### ii. Adequate Record for Review

The second factor is procedural, requiring only that the court compile a list of actions and filings by the litigant. *See De Long*, 912 F.2d at 1147 ("An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"). This factor is met here as the Court has listed each of the 21 actions filed by Plaintiff in this district. (*See* Attachment A.) This list was also provided to

3

Plaintiff as an attachment to its order to show cause. (*See* Order, Attachment A.)

### iii. Frivolous or Harassing Filings

The third factor requires that the district court consider "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059. In applying this factor, the Ninth Circuit has found the *Safir* factors listed by the Second Circuit to be useful. *Id.* at 1058 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). These factors include:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24.

With respect to the first *Safir* factor, as discussed in its order to show cause, Plaintiff has filed 21 lawsuits in this district since 2010. Many of these cases were filed on the same day, with Plaintiff filing four lawsuits on November 10, 2010, six lawsuits on March 14, 2012, and three lawsuits on January 26, 2017, including the instant suit. Nearly all of these lawsuits were dismissed at an early stage for having no merit. (*E.g.*, *Levy v. Cumulus Media, Inc.*, Case No. 11-cv-6616-WHA, Dkt. No. 7 (dismissing case for failure to state a claim where Plaintiff sought $100 million in damages for an allegedly anti-Semitic slur that was personally offensive to him when a radio announcer referred to Tim Tebow as "T-Brew"); *Levy v. Newscorp*, Case No. 12-cv-1293-EDL, Dkt. No. 7 (dismissing case for failure to state a claim where Plaintiff sought $5 trillion for the defendant's alleged failure to report on stories that Plaintiff submitted); *Levy v. Comerica Bank*, Case No. 12-cv-1296-MEJ, Dkt. No. 6 (dismissing claim for failure to state a claim where Plaintiff sought $61 trillion because the defendant allegedly "steered" Plaintiff into a $30 to $35 thousand business loan instead of the $50,000 loan he requested); *Levy v. Primerica*

4

*Inc.*, Case No. 16-cv-1254-HRL, Dkt. No. 14 (granting motion to dismiss for failure to state a claim where Plaintiff sought $2 billion for being disqualified as a job applicant due to his criminal record, and noting that this was the third employment lawsuit filed by Plaintiff in two years). Several of these suits have been duplicative; for example, Plaintiff brought suits against AT&T in 2011 and 2017, both alleging that AT&T had refused to publish his advertisement for a Civil Rights law firm in its December 2011-2012 San Francisco Bay Area Yellow Pages.[3] (See *Levy v. AT&T*, Case No. 11-6615-DMR; *Levy v. AT&T*, Case No. 17-cv-411-MEJ.) Moreover, in Plaintiff's 2017 suit against AT&T, the presiding judge has also issued an order to show cause why Plaintiff should not be declared a vexatious litigant, to which Plaintiff likewise failed to respond. (*See Levy v. AT&T*, Case No. 17-cv-411-MEJ, Dkt. No. 10.) In short, Plaintiff's lawsuits have been "patently without merit." *Molski*, 500 F.3d at 1059.

The second *Safir* factor also weighs in favor of a pre-filing order, as there is no evidence of an objective good faith expectation of prevailing. In fact, in many of Plaintiff's cases -- including the instant case -- the district court dismissed Plaintiff's complaint without prejudice but allowed Plaintiff to file an amended complaint, which Plaintiff failed to do. (*E.g.*, *Levy v. N.Y. Life Ins. Co.*, Case No. 11-cv-6617-JCS (closing case where no amended complaint was filed); *Levy v. Newscorp*, Case No. 12-cv-1293-EDL (same); *Levy v. United States of America*, Case No. 12-cv-1294-EDL, Dkt. No. 8 (same).) This repeated failure to prosecute further demonstrates that Plaintiff had no good faith expectation of prevailing. The amounts claimed in many of these suits have also been significantly disproportionate to the damages claimed. For example, in the instant case, Plaintiff sought $10 billion based on being "stranded" in St. Louis and Grand Junction for a total of seven days. (Compl. at 6-7; *see also Levy v. Vista Holdings*,

---

[3] Notably, in several of these cases which were dismissed for failure to state a claim, Plaintiff asserted that he was a lawyer, although he is not listed on the California State Bar website as being licensed to practice law. (*See Levy v. AT&T Corp.*, Case No. 11-cv-6615-DMR, Dkt. No. 1 (stating that he is a "Federal Civil Rights Lawyer" but admitting that he is "not an attorney"); *Levy v. United States of America*, Case No. 12-cv-1294-EDL, Dkt. No. 1 (stating that he is a "pro se lawyer"); *Levy v. United States of America*, Case No. 12-cv-1297-DMR, Dkt. No. 1 (same); *Levy v. AT&T Corp.*, Case No. 17-cv-411-MEJ, Dkt. No. 1 (stating that he is a "lawyer for the People" but admitting that he is not an attorney).) Plaintiff's attempts to practice law without a license further highlight the frivolous nature of his multiple filings.

Case No. 17-cv-409-JSC, Dkt. No. 9 at 2 (concluding to a legal certainty that Plaintiff's complaint could not meet the $75,000 amount in controversy based on an $800 loan, even though Plaintiff sought $10 million in his complaint).) There can be no good faith expectation for the amounts sought, even if Plaintiff was to prevail on the merits.

As to the fourth *Safir* factor, the Court finds that Plaintiff's numerous lawsuits have imposed substantial costs upon the Court in terms of time and resources. Plaintiff's lawsuits have been reviewed by twelve different judges in this district, and all of his cases have resulted in dismissal. Plaintiff's suits have also imposed burdens on defendants who have been served, requiring motions on the merits that Plaintiff often failed to timely oppose, if at all. (*E.g.*, *Levy v. State Farm Mutual Auto Ins. Co.*, Case No. 14-cv-4073-EJD, Dkt. No. 27 (granting motion for judgment on the pleadings, which Plaintiff did not oppose); *Levy v. Northwestern Mutual Life Ins. Co.*, Case No. 14-cv-4116-EJD, Dkt. No. 14 (granting motion to dismiss with prejudice, which Plaintiff did not timely oppose); *Levy v. Mass. Mutual Life Ins. Co.*, Case No. 15-cv-6136-EDL, Dkt. No. 15 (granting motion to dismiss with prejudice, which Plaintiff did not timely oppose).[4])

Finally, the fifth *Safir* factor weighs in favor of a pre-filing order. Dismissal of Plaintiff's numerous cases has not deterred Plaintiff from continuing to file cases that lack merit. Further, Plaintiff has now begun to bring cases based on the same events, suggesting that Plaintiff will continue to litigate -- and re-litigate -- cases absent a pre-filing order. *See Martin*, 2015 WL 9489898, at *6 ("Martin's litigation history demonstrates that she has been unresponsive to the courts' repeated, clear indications that her complaints are without merit").

Accordingly, the Court concludes that Plaintiff has filed numerous frivolous cases in this district.

---

[4] Each of these cases involved Plaintiff's assertion that the defendants had discriminated against him when they did not hire him. (*Levy v. State Farm Mutual Auto Ins. Co.*, Case No. 14-cv-4073-EJD (seeking $250 million based on the defendant not hiring Plaintiff because of Plaintiff's criminal record); *Levy v. Northwestern Mutual Life Ins. Co.*, Case No. 14-cv-4116-EJD (seeking $200 million based on the defendant not hiring Plaintiff because of his lack of a bachelor's degree); *Levy v. Mass. Mutual Life Ins. Co.*, Case No. 15-cv-6136-EDL (seeking $2 billion based on the defendant not hiring Plaintiff because of Plaintiff's debt).)

#### iv. Narrowly Tailored

The final *De Long* factor requires that the pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior. In the instant case, Plaintiff has filed numerous cases on a multitude of claims, all of which have been dismissed. In light of this litigation history, the Court finds that a pre-filing order is necessary to protect both the Court and potential defendants from the burden of litigating Plaintiff's frivolous complaints. *See Martin*, 2015 WL 9489898, at *6. Accordingly, the Clerk of the Court shall not accept for filing any further complaints by Plaintiff until that complaint has first been reviewed by a judge of this court and approved for filing. The pre-filing review will be made by the general duty judge, who will determine whether Plaintiff has stated a potentially cognizable claim in a short, intelligible, and plain statement.

### III.     CONCLUSION

For the reasons stated above, the Court DISMISSES Plaintiff's claims for failure to prosecute, and DECLARES Plaintiff a vexatious litigant. The Clerk of the Court shall not file or accept any further complaints filed by Plaintiff. If Plaintiff wishes to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court. The Clerk shall forward the complaint, letter, and copy of this order to the general duty judge for a determination of whether the complaint should be accepted for filing. Any violation of this order will expose Plaintiff to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal.

IT IS SO ORDERED.

Dated: June 28, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge